**HARRIS LANGENBERG HAT COM-
PANY, a Missouri corporation,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 15053.

United States Court of Appeals
Eighth Circuit.

Oct. 18, 1954.

David F. Crossen, St. Louis, Mo. (Biggs, Curtis, Biggs & Crossen, St. Louis, Mo., were with him on the brief), for petitioner.

Elizabeth Head, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., were with her on the brief), for respondent.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The Harris Langenberg Hat Company, of St. Louis, Missouri, has petitioned for a review and reversal of an order of the National Labor Relations Board which requires the Company to bargain collectively with the United Hatters, Cap and Millinery Workers International Union, A.F.L., as the exclusive representative of the Company's production and maintenance employees at its plant in Mascoutah, Illinois, and to refrain from interfering with their rights to self-organization. The Board asks for the enforcement of its order.

The order is based upon findings that all production and maintenance employees of the Company at its Mascoutah plant, excluding office clerical employees, professional employees, and supervisors, constituted a unit appropriate for the purpose of collective bargaining; that the Union, after an election conducted by the Board, had been certified by it as the bargaining representative of the employees in that unit; that the Company had refused to bargain with the Union as such representative, and had thereby violated Section 8(a) (5) and (1) of the National Labor Relations Act as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

The Company, as its name indicates, is a manufacturer of men's headwear. Its central office is in St. Louis, Missouri. It has five factories or plants, one at each of the following places: Berger, Missouri; Marthasville, Missouri; New Haven, Missouri; Mascoutah, Illinois; and Lebanon, Illinois. All are within a radius of 75 miles from St. Louis. The machinery in each plant is designed for the purpose of making hats and caps. There is an interchange of manufacturing operations between plants, but no substantial interchange of workers. When work is shifted from one plant to another, the workers are not shifted. There is a plant superintendent in charge of production at each of the plants. The plant superintendents are under three operational department heads. The department heads operate under the supervision of the President and the Secretary-Treasurer of the Company. Wages and working conditions at all of the plants are determined by the President of the Company. While the plant superintendents have authority to hire and fire employees and to make minor wage adjustments,—manufacturing operations, purchasing, plant improvement, plant maintenance, and new construction are determined by the Company's President.

Throughout the proceedings before the Board, culminating in the order of which the Company now complains, the Company has insisted and now insists that the only appropriate unit for collective bargaining consists of the production and maintenance employees at all of its five plants. The Company asserts that the Board's determination that the employees at the plant in Mascoutah are an appropriate unit is arbitrary, capricious and without adequate evidentiary support.

The Company contends that the Board failed to give consideration to (1) the strong interdependence and mutuality of interest of the employees of all five plants, (2) the integrated nature of the total operation of the plants, and (3) the single, strong central management over all five plants; and that the Board erred in adopting the finding of the Trial Examiner that geographical considerations justified the ruling that a single-plant bargaining unit was appropriate.

The Supreme Court, in the case of Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U.S. 146, at page 152, 61 S.Ct. 908, at page 912, 85 L.Ed. 1251, affirming a decision of this Court, 8 Cir., 113 F.2d 698, said:

"The Labor Act places upon the Board the responsibility of determining the appropriate group of employees for the bargaining unit. In accordance with this delegation of authority, the Board may decide that all employees of a single employer form the most suitable unit for the selection of collective bargaining representatives, or the Board may decide that the workers in any craft or plant or subdivision thereof are more appropriate."

And in May Department Stores Co. v. National Labor Relations Board, 326 U.S. 376, at page 380, 66 S.Ct. 203, at page 206, 90 L.Ed. 145, modifying and affirming a decision of this Court in 8 Cir., 146 F.2d 66, the Supreme Court said:

"Under Section 9(b) [of the National Labor Relations Act] the Board is delegated the authority to determine the unit. The judicial review afforded is not for the purpose of weighing the evidence upon which the Board acted and perhaps to overrule the exercise of its discretion but to 'guarantee against arbitrary action by the Board.'"

See, also, National Labor Relations Board v. Grace Co., 8 Cir., 184 F.2d 126, 129.

■■ While we have no doubt that the Board, in the proper exercise of the discretion delegated to it, might have found that the unit for collective bargaining should consist of all the maintenance and production employees of the Company, rather than those at the Mascoutah plant, we think it was not compelled to do so and that it cannot be said that the Board's selection of the single-plant unit as an appropriate one for purposes of collective bargaining for the employees at that plant was purely arbitrary. The wishes of the employees at the Mascoutah plant and their relative independence as a distinct working force of the Company were not to be ignored by the Board in reaching its conclusion. Pittsburgh Plate Glass Co. v. National Labor Relations Board, supra, at page 157 of 313 U.S., at page 914 of 61 S.Ct., 85 L.Ed. 1251. And, as we pointed out in the case of Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701, the jurisdiction conferred upon an administrative agency to decide questions delegated to it for decision is not confined to deciding them correctly. We are satisfied from our examination of the record that the question whether the employees at the Mascoutah plant were an appropriate unit for collective bargaining was a question solely for the Board's determination.

■ The contention of the Company that the Board's adoption of the findings and conclusions of the Trial Examiner requires the invalidation of the order under review, because he stated in his intermediate report that the Company's evidence in this unfair labor practice proceeding was cumulative and that the decision of the Board in the unit proceeding was res judicata, is without merit. The Trial Examiner found that the evidence presented did not prove that the unit determined by the Board to be appropriate was in fact inappropriate. It is apparent that the determination of the Board as to the appropriate unit is based upon the record as a whole. The unit proceeding and the unfair labor practice proceeding are really one. Pittsburgh Plate Glass Co. v. National Labor Relations Board, supra, at page 158 of 313 U.S., at page 915 of 61 S.Ct.

■ The assertion by the Company that the Board and its Trial Examiner acted arbitrarily and capriciously in deciding that organizational pamphlets prepared by the Union and distributed to the employees of the Company at its five plants constituted cumulative evidence, is, we think, without substantial merit. It was claimed by the Company that these pamphlets showed that the Union

recognized the mutuality of interest of the employees at all five plants of the Company with respect to wages and terms and conditions of employment, and, in effect, treated the employees at all of the plants as an appropriate unit. Whether the evidence was cumulative or not, it was received, is a part of the record, and was before the Board, which could have been under no illusions as to the intention of the Union to organize, if possible, each of the Company's plants and eventually to represent all of the Company's employees. It is obvious that the evidence of the Union's attitude and intentions was not regarded by the Board as a controlling factor in determining whether or not the employees at the plant in Mascoutah constituted an appropriate unit for collective bargaining.

Our conclusion is that there are no adequate grounds for setting aside or denying enforcement of the order of the Board. Its petition for enforcement is granted.