A. M. ANDREWS COMPANY OF ORE-GON, and A. M. Andrews of Illinois, Inc., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 14866.

United States Court of Appeals Ninth Circuit.

Aug. 13, 1956.

Alfred A. Hampson, Jr., Ralph R. Bailey, Maguire, Shields, Morrison & Bailey, Portland, Or., for petitioners.

Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, John Francis Lawless, Attys., N. L. R. B., Washington, D. C., for respondent.

Before STEPHENS, ORR and HASTIE, Circuit Judges.

ORR, Circuit Judge.

The determination of the issue raised on this appeal rests almost exclusively on the question of whether there is substantial evidence to support the finding of the Board that the two corporations involved were a single employer within the meaning of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., and that therefore A. M. Andrews Company of Oregon was responsible for an unfair labor practice of A. M. Andrews of Illinois, Inc.

In this case the Board drew a different conclusion from the facts than did the Trial Examiner. The relevant facts upon which the Board rested its findings as above indicated may be summarized as follows.

The two corporations involved are A. M. Andrews Company of Oregon, hereafter Oregon, and A. M. Andrews of Illinois, Inc., hereafter Illinois. Oregon was organized in 1951 and was engaged in the manufacture of plastic lawn sprinklers. It had four stockholders. A. M. Andrews held 345 shares, or 95% of the stock, and Alex Marshall held 16 shares; Norman Brown and Ray H. Lesher each held 1 share. Responding to certain inducements offered by a civic organization at Centerville in the state of Illinois, the controlling stockholder of Oregon decided to install and operate a plant at that place. The equal stockholders in Illinois were A. M. Andrews, Norman Brown, Ray H. Lesher, and John A. Tuttle. Tuttle is a nephew of Andrews. In the set up of Oregon and Illinois there was in most part the same stockholders in each corporation, the extent of the holdings of the stockholders varying as to each. Andrews, Brown, and Lesher occupied the offices of president, treasurer, and secretary, respectively, of each corporation; A. M. Andrews was the dominant figure in each.

Oregon supplied all of the original capital, $5000, with which Illinois began operations. Oregon made a loan of $63,-210.90 to Illinois and also undertook to guarantee the obligations of Illinois, Oregon taking security in the form of notes and mortgages. Oregon advanced an additional $3,000 to tide over Illinois during some "rough going." Subsequent to the discontinuance of operations by Illinois, Oregon caused the machinery and other assets held by Illinois to be returned to it without foreclosure or other form of court action.

The labor trouble at Illinois stemmed from a union demand that Illinois recognize the union as the bargaining agent. The matter was taken up with Mr. Andrews, who replied that, rather than have a union representing Illinois employees, he would close the plant and forthwith did so. That an unfair labor practice was committed by Illinois is not disputed. It is however strongly urged that Oregon cannot be held responsible because Oregon and Illinois were not a single employer within the meaning of the Act. With this conclusion we do not agree. The relationship and integration shows by the evidence to have existed between the two corporations substantially sustains the finding of the Board. See N. L. R. B. v. National Shoes, Inc., 2 Cir., 208 F.2d 688.

Petitioner has asked this court to remand this case to the Board in order to permit petitioner to submit further evidence. The motion to remand is not made on the ground of newly discovered evidence but on the ground that the failure to produce the evidence at the hearing is excusable. The facts do not justify this conclusion. The motion is denied.

The petition to set aside the final order of the National Labor Relations Board is denied and the Board's petition for enforcement of its order is granted.