**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**A. K. ALLEN CO., Inc., American Hydrolube Corp., Precision Disc Grinding Corp., and Small Lot Turning, Inc., Respondents.**

**No. 137, Docket 24661.**

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1958.

Decided Jan. 31, 1958.

38

Jerome D. Fenton, Gen. Counsel, Stephen Leonard, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert E. Manuel, Atty., N. L. R. B., Washington, D. C., for petitioner.

Gray & Grossman, New York City (Herman A. Gray, New York City, of counsel), for respondents.

Before MEDINA and MOORE, Circuit Judges, and GALSTON, District Judge.

GALSTON, District Judge.

The National Labor Relations Board petitions this Court pursuant to Section 10(e) of the National Labor Relations Act as amended, 29 U.S.C.A. § 160(e), for enforcement of its order issued on March 12, 1957, against respondents A. K. Allen Co., Inc. (herein called A. K. Allen Co.), American Hydrolube Corp. (herein called Hydrolube), Precision Grinding Corp. (herein called Precision), and Small Lot Turning, Inc. (herein called Small Lot).

The Board found that respondent companies violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the certified bargaining representative of respondents' employees. In the prior representation proceeding, the Board had determined that the four companies constituted a single integrated enterprise and a single employer whose combined production and maintenance employees constituted an appropriate bargaining unit.

It is undisputed that the respondents have since on or about December 12, 1955, refused to recognize and bargain with the Union (District 15 International Association of Machinists A. F. L.). Respondents refused to bargain on the ground that the four company unit is not an appropriate unit, contending that the employees of each company constitute a separate bargaining unit.

The A. K. Allen Co. manufactures air cylinders and has twenty-five employees. The stock is owned one-half by Mr. A. K. Allen and one-half by his wife, both being officers and directors. Precision does double disc grinding and has ten employees. 57% of the stock is owned by Allen and his wife, 19% by Betty Prince, the wife of Irving Prince, who is Allen's brother-in-law, and 24% by one Allen

Deretchin. Hydrolube manufactures grease fittings and is owned one-half by Allen and one-half by Murray Perlman, his brother-in-law, both of whom are officers. It has no employees, but under arrangement with A. K. Allen Co. subcontracts two or three of its employees. Small Lot is a manufacturer of screw machine parts and is owned by Allen and his wife, who are officers.

When such a preponderance of the stock of all of the companies is owned by one man and his wife, and some of the remaining shares are held by closely-related persons, it is clear that there is a "unity of interest" in the operation of these companies.

The four companies are New York corporations, which until early 1956 occupied unpartitioned areas on a single floor of a one-story building located at 57 Meserole Avenue, Brooklyn, New York. Small Lot has since moved to a different location.

That the factor of common control is also present is clear from the foregoing recital of stockholdings of Allen and his wife. The fact that some other persons were officers in three of the corporations does not detract from Allen's control. The four companies shared a common office, stock room and shipping area and used the same office staff, shipping clerk, inspector and timekeeper, each company bearing its proportionate share of the cost of the common facilities and personnel. All employees of the four companies punched the common time clock and used the same washroom facilities. A. K. Allen Co., Precision and Hydrolube used the same telephone and telephone number for business purposes.

Each of the companies does work with the others in addition to outside companies. All four companies have substantially the same policies with respect to wage rates, working conditions and fringe benefits. Among other matters, daily relief periods for all employees occur at the same time. Each employee received six holidays annually and a vacation period of one day for every two months' employment up to a maximum of one week. Vacation notices were posted on a common bulletin board, and no employee was entitled to sick leave, but all were covered by the same group insurance policy.

For the year ending March 31, 1956, the combined out-of-state sales for three of the four companies was $135,486.23, of which Precision did $107,064.08, Hydrolube $19,718.61, and A. K. Allen Co. $8,703.54.

■ Under Section 9(b) of the Act, the Board has discretion to determine the appropriate bargaining unit. The Board's determination "if not final, is rarely to be disturbed." Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040.

As this Court recently stated in N. L. R. B. v. Sunrise Lumber & Trim Corp., 2 Cir., 241 F.2d 620, 624, certiorari denied, 355 U.S. 818, 78 S.Ct. 22, 2 L.Ed. 2d 34:

> "We recognize the discretion that must be accorded to the Board in determining the appropriateness of a collective bargaining unit and thus we will uphold such a determination unless it is 'unreasonable and arbitrary.'"

As was stated in N. L. R. B. v. Lund, 8 Cir., 103 F.2d 815, 819:

> " * * * the question of appropriateness depends upon other factors such as unity of interest, common control, dependent operation, sameness in character of work and unity of labor relations. There may be others; but, unless the finding of the Board is clearly arbitrary upon the point, the court is bound by its finding."

■ Here the relationship among the four corporations as disclosed by the record supports the conclusion that the four respondents may be considered as a single employer. N. L. R. B. v. National Shoes, Inc., 2 Cir., 208 F.2d 688, 691.

The fact that one of the companies moved from the common location to a separate location does not require the exclusion of the Small Lot employees

from the unit. As was stated in N. L. R. B. v. Williams, 4 Cir., 195 F.2d 669, 672:

"The mere fact that the two operations are located some distance apart ＊ ＊ ＊ does not render a single unit inappropriate. The test is rather whether there is a 'unity of interest, common control, dependent operation, sameness in character of work and unity of labor relations.' "

See also N. L. R. B. v. National Shoes, Inc., 2 Cir., 208 F.2d 688; N. L. R. B. v. Lund, 8 Cir., 103 F.2d 815.

■ The respondents raise the point that only one of the companies has out-of-state sales in excess of $50,000 per year, and therefore only that company meets the minimum jurisdictional requirements of the N. L. R. B. However, if as appears here the four companies constitute a single integrated enterprise, the Board may consider the operations of all four companies together.

No showing has been made that the action of the Board in determining the four companies to be a single employer is unreasonable or arbitrary.

Petition granted.