NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

The HURLEY COMPANY, Inc., and Hurley Press, Inc., Respondents.

No. 17069.

United States Court of Appeals Eighth Circuit.

Nov. 27, 1962.

Jules H. Gordon, Attorney, N. L. R. B., Washington, D. C., Stuart Rothman, General Counsel, Washington, D. C., Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel and Marion Griffin, Attorney, N. L. R. B., Washington, D. C., on the brief, for petitioner.

John H. Doesburg, Chicago, Ill., for respondent.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

This case is before us upon petition for enforcement of an order of the National Labor Relations Board, reported, along with the Board's decision, at 136 NLRB No. 52. Basically, the question is whether The Hurley Company, Inc. and Hurley Press, Inc. (Arkansas corporations, hereinafter singularly referred to as "Company" and "Press," respectively, and collectively as "respondents") constitute a single employer so that the employees of Press are included within the same bargaining unit as the employees of Company. The Board, answering in the affirmative,[1] found that respondents have engaged in unfair labor practices within the meaning of § 8(a) (5) and (1) of the Act, 29 U.S.C.A. § 158(a) (5) and (1), and ordered respondents, upon request, to bargain collectively with the Union as the exclusive representative of their employees at both Company and Press in the appropriate unit,[2] and to post appropriate notice.

The facts giving rise to the dispute between respondents and Union and which precipitated the filing of the unfair labor charges by the latter, were submitted directly to the Board upon stipulation of the parties. The facts are adequately and correctly set out in the findings of the Board, 136 NLRB No. 52, and therefore, in lieu of indulging in a minute factual recitation, we deem it sufficient to reiterate only the more pertinent facts.

Company was at all times material herein engaged in the printing business, having its plant on California Avenue, in Camden, Arkansas. On October 27, 1960, Press was incorporated as a wholly-owned subsidiary of Company, with both corporations having the same officers. Pursuant to the results of a Board-conducted election held on March 9, 1961, the Union was certified on August 10, 1961, as the exclusive collective bargaining representative of the employees of Company in the following unit:

"All compositors, linotype operators, lock-up men, letterpress pressmen, their assistants and apprentices, offset preliminary workers, including artists, pasteup, strippers, copy checkers, cameramen, platemakers and preparers of copy, offset pressmen, their assistants and apprentices, bindery workers, janitors, and plant clerical employees, excluding office clerical employees, watchmen, guards, temporary employees, and supervisors as defined in the Act."[3]

Subsequent to its incorporation, Press began construction of a plant on Maul

1. In its conclusions of law, the Board ruled that the following employees at both plants constitute an appropriate collective bargaining unit: "All compositors, linotype operators, lockup men, letterpress pressmen, their assistants and apprentices, offset preliminary workers, including artists, pasteup, strippers, copy checkers, cameramen, platemakers, and preparers of copy, offset pressmen, their assistants and apprentices, web pressmen, web press trainees, inserter operators, shipping clerks, labeling machine operators, mailers, strippers, platemakers, material handlers, packers, bindery workers, janitors, and plant clerical employees, excluding office clerical employees, watchmen, guards, temporary employees, and supervisors as defined in the Act."
See, infra, the designation of the unit as certified by the Board following the election at Company.

2. "Union" is the International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL–CIO—a labor organization within the meaning of § 2(5) of the Act, 29 U.S.C.A. § 152(5).

3. It may be noted that the above stipulated unit certification does not specifically list some of the classifications which the Board in this action concluded were embodied within the appropriate unit. However, even though the stipulated unit does not distinguish between "cylinder-press" and "web-press" employees, we agree that both are included in the unit, most probably within the category of "offset pressmen," and that the Board merely more specifically designated the categories within the appropriate unit. See infra, footnote 1.

Road, in Camden, Arkansas, and prior to July 1, 1961, purchased from Company a web press, a labeling machine, and an inserter and stripper, all of which had previously been operated by Company employees at the California Avenue plant. On July 1, 1961, Press purchased all of Company's unexpired contracts and on that date commenced its web press printing operations. Company discontinued web press operations and limited its production to sheet-fed cylinder press work. During the three-month period following the commencement of its operations, Press hired 32 employees, 14 of whom had previously been employed by Company and who were hired by Press after their employment with Company was terminated.[4]

On December 8, 1961, the date the stipulation of facts bears, the production of Press was approximately twice as great and of a more varied and more versatile type of work than was possible at Company. Press employs individuals in the following classifications: web pressmen, web press trainees, inserter operators, shipping clerks, labeling machine operators, mailers, strippers, plate-makers, material handlers and packers.

Respondents bargained with the Union with regard to the employees at Company's plant and entered into a contract with Union covering such employees, but respondents have refused to bargain with regard to the employees at the plant of Press.

◾ In resisting enforcement of the order, respondents emphasize that the clear intent of the Labor Management Relations Act is to give employees the fullest latitude in selecting by self-determination a collective bargaining agent, and cite such authorities as: National Labor Relations Act [61 Stat. 136; 73 Stat. 519; 29 U.S.C.A. § 151 et seq.; § 9(b)]; Armstrong Cork Co., 106 NLRB 1147 (1953); and Rockingham Poultry Cooperative, Inc., 113 NLRB 376 (1955).[5] From this premise, they argue that the Board acted arbitrarily in holding that the employees of Press are included within the existing certified unit without according such employees the opportunity of accepting or rejecting the unit.

◾ Respondents further assert in their brief that the Board in the instant case has departed from its own established policy, and that the Press operation qualifies as a separate unit under the specific standards set down by prior Board decisions. We note that in several prior Board cases which presented certain of the elements found in the instant case, the Board determined that the employees in the new operation were entitled to decide by means of another election whether they desired to be represented separately or as a part of the pre-existing

---

4. Exhibit A, attached to and made a part of the stipulation of facts, shows that of the 10 employees hired by Press in July, 4 had been terminated by Company two days and 5 had been terminated three days prior to their employment by Press. The other was terminated ten days before he was employed by Press. Of the 4 employees hired by Press in August, there was a three-day interval as to 1, two days as to 2, and nineteen days as to 1.

5. But see, Pittsburg Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 156, 61 S.Ct. 908, 914, 85 L.Ed. 1251 (1941), where the Court stated: "Naturally the wishes of employees are a factor in a Board conclusion upon a unit. They are to be weighed with the similarity of working duties and conditions, the character of the various plants and the anticipated effectiveness of the unit in maintaining industrial peace through collective bargaining." See also N. L. R. B. v. McFarland, 10 Cir., 306 F.2d 219 (1962); N. L. R. B. v. Alamo White Truck Service, Inc., 5 Cir., 273 F.2d 238 (1959); and N. L. R. B. v. A. K. Allen Co., 2 Cir., 252 F.2d 37 (1958), for a comparison of the various factors considered relevant in the Board's determination of an appropriate bargaining unit.

We note here, without further elaboration or consideration, that respondents (employers) are asserting the rights of their employees to justify respondents' refusal to deal with an already certified Union and that nothing appears in the record to indicate that Press employees are dissatisfied with the existing unit. See N. L. R. B. v. J. W. Rex Company, 3 Cir.; 243 F.2d 356, 360 (1957).

unit.[6] So here the Board might have properly found that Press employees are not included within the existing unit and might have ordered an election to be held among them, but we are satisfied it was not compelled to do so. See Harris Langenberg Hat Co. v. N. L. R. B., 8 Cir., 216 F.2d 146, 148 (1954). Furthermore, many of the factual considerations appearing only in respondents' brief in support of the separate unit claim are not part of the record or are unwarranted extensions of the stipulated facts. Perhaps the Board would have arrived at a contrary conclusion if respondents had presented before it the claimed differences in the Press and Company operations. As a reviewing court, however, we may not permissibly substitute our judgment for that of the Board. The Board, acting upon the basis of the particular facts of each case, is given broad discretion in making the determination of the appropriateness of the bargaining unit, and the determination may not be set aside unless it appears that the Board acted in a capricious or arbitrary manner. E. g., N. L. R. B. v. Weyerhaeser Company, 7 Cir., 276 F.2d 865 (1960), cert. den., 364 U.S. 879, 81 S.Ct. 168, 5 L.Ed. 2d 102 (1960); N. L. R. B. v. May Dept. Stores Co., 8 Cir., 146 F.2d 66 (1945), modified and affirmed, 326 U.S. 376, 66 S. Ct. 203, 90 L.Ed. 145 (1945); Pittsburg Plate Glass Co. v. N. L. R. B., 8 Cir., 113 F.2d 698 (1940), affirmed, supra, 313 U. S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941); N. L. R. B. v. McFarland, supra, 10 Cir., 306 F.2d 219 (1962); Harris Langenberg Hat Co. v. N. L. R. B., supra, 8 Cir., 216 F.2d 146 (1954); N. L. R. B. v. Grace Co., 8 Cir., 184 F.2d 126 (1950). The rule is succinctly stated in Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947), as follows: "Section 9(b) of the Act confers upon the Board a broad discretion to determine appropriate units. * * * Our power of review also is circumscribed by the provision that findings of the Board as to the facts, if supported by evidence, shall be conclusive. * * * So we have power only to determine whether there is substantial evidence to support the Board, or its order oversteps the law. * * * The issue as to what unit is appropriate for bargaining is one for which no absolute rule of law is laid down by statute, and none should be by decision. It involves of necessity a large measure of informed discretion, and the decision of the Board, if not final, is rarely to be disturbed."

■ In summary, the facts establish that (1) Press was incorporated as a wholly owned subsidiary company of Company with the same officers; (2) Company's operations prior to July 1, 1961, when Press commenced business, included printing by web-press as well as cylinder type press; (3) fourteen Press employees were prior employees of Company and had participated in the election whereby Union was selected and ultimately certified as the bargaining agent; (4) Press purchased a web-press and other equipment from Company formerly used in the latter's operation; (5) Press purchased the unexpired contracts and commenced producing web-press printed material simultaneously with Company's discontinuance of web-press printing; (6) the unit that was certified following election was intended to include operators of the web-press as well as operators of the cylinder press. These undisputed facts formed a sufficient basis for the Board's determination, and consequently it did not abuse its discretion in determining that Union is the appropriate bargaining unit for employees of Press as well as the employees of Company.

Accordingly the Board's petition for enforcement is granted.

---

6. E.G., Essex Wire Corp., 130 NLRB 450 (1961); Pittsburg Valve Company, 114 NLRB 193 (1955); Rockingham Poultry Cooperative, Inc., supra, 113 NLRB 376 (1955); American Engineering Co., 112 NLRB 14 (1955).