## NATIONAL LABOR RELATIONS BOARD v. YAWMAN & ERBE MFG. CO.

### No. 107, Docket 21789.

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1951.

Decided March 28, 1951.

948

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, Frederick U. Reel and Raymond M. Norton, Attorneys, National Labor Relations Board, all of Washington, D. C., for petitioner.

Nixon, Hargrave, Middleton & Devans, Rochester, N. Y., for respondent; Arthur L. Stern and William H. Morris, Rochester, N. Y., of counsel.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

PER CURIAM.

The issue in this case is whether the employer can be compelled to furnish a union with current wage data of employees in the bargaining unit when requested to do so in the course of bargaining for a new contract. The Office Employees International Union, Local No. 34, A. F. of L., was certified as the exclusive bargaining representative for certain of respondent's non-production employees in 1946 and continued as such during all times material to the present case. After certification the Union executed contracts with respondent in the years 1946, 1947 and 1948. The 1948 contract expired February 24, 1949, and prior to its expiration the Union and respondent began negotiations for a new contract, in the course of which the Union requested four major changes in the 1948 contract. It demanded a 15 per cent. across-the-board wage increase, a $1.00 minimum hourly wage, a union shop, and longer vacations for employees with seniority. Respondent refused these requests and offered to renew the 1948 contract without change. Thereupon the Union asked respondent for and was refused a list of all employees, together with their current salaries and salaries as of January 1, 1946, 1947 and 1948. At a hearing before a Trial Examiner appointed by the Board, the Examiner found that respondent's refusal to supply the requested information constituted a refusal to bargain in violation of section 8(a) (5) and (1) of the Act.[1] The Board affirmed the Examiner's rulings except as to the wage information requested for the years 1946 and 1947, and entered an order accordingly.[2] The present petition seeks enforcement of its order.[3]

Respondent concedes that an employer must supply a union with relevant wage information as an incident of its duty

1. 29 U.S.C.A. § 158 (a) (5) and (1).

2. 89 N.L.R.B. No. 108.

3. Section 10(e) of the Act, as amended, 29 U.S.C.A. § 160(e).

to bargain in good faith. But it contends that the Union did not show how the information was relevant to the negotiations for the 1949 contract, and that the Union demonstrated the irrelevancy of the requested information by negotiating and executing a contract while the present proceeding was pending before the Board, and before the Union received the information which the Board subsequently required the employer to furnish. We are unable to agree with either contention. We approve the Board's finding that the wage information for the year 1948 was "clearly relevant" to the 1949 negotiations. Respondent rejected the Union's demand for wage increases and insisted that the 1948 wage rates remain unchanged, thus bringing the 1948 rates directly in issue. Indeed, we find it difficult to conceive a case in which current or immediately past wage rates would not be relevant during negotiations for a minimum wage scale or for increased wages.[4]

Since the employer has an affirmative statutory duty to supply relevant wage data, his refusal to do so is not justified by the Union's failure initially to show the relevance of the requested information. The rule governing disclosure of data of this kind is not unlike that prevailing in discovery procedures under modern codes. There the information must be disclosed unless it plainly appears irrelevant.[5] Any less lenient rule in labor disputes would greatly hamper the bargaining process, for it is virtually impossible to tell in advance whether the requested data will be relevant except in those infrequent instances in which the inquiry is patently outside the bargaining issue.

Nor is our determination that the information was relevant affected by the subsequent execution of a contract without disclosure. The most that can be inferred from the Union's action is that the advantages of a contract in hand outweigh those which the Union might later obtain when all relevant information would be available to it.

Order enforced.

---

**4.** See Aluminum Ore Co. v. National Labor Relations Board, 7 Cir., 131 F.2d 485, 487, 147 A.L.R. 1; National Labor Relations Board v. J. H. Allison Co., 6 Cir., 165 F.2d 766, 770, certiorari denied 335 U.S. 814, 69 S.Ct. 31, 93 L.Ed. 369.

**5.** See 4 Moore's Federal Practice, 2d ed., pp. 1063–5.