## NATIONAL LABOR RELATIONS BOARD v. HEKMAN FURNITURE CO.
### No. 11865.

United States Court of Appeals,
Sixth Circuit.

Oct. 16, 1953.

Marcel Mallet-Prevost, Washington, D. C., George J. Bott, David P. Findling, A. Norman Somers, Marcel Mallet-Prevost, Sonja Goldstein, Washington, D. C., on the brief, for petitioner.

Arthur R. Snell, Grand Rapids, Mich., Edward C. McCobb, John W. Cummiskey, Arthur R. Snell, Grand Rapids, Mich., on the brief, McCobb, Heaney & Dunn, Grand Rapids, Mich., of counsel, for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This petition of the National Labor Relations Board for enforcement of its order, directed against the respondent Hekman Furniture Company, has been considered on the entire record and on the briefs and oral arguments of attorneys for the contending parties.

We do not accept as valid the contention of respondent that the 1950 supplemental agreement shut off the union from asserting its right to the requested wage information. Nor do we think that the proposed settlement was improperly rejected by the General Counsel of the National Labor Relations Board. See National Labor Relations Board v. Prettyman, 6 Cir., 117 F.2d 786, 792; National Labor Relations Board v. Federal Engineering Co., 6 Cir., 153 F.2d 233, 234.

We think that, in the circumstances of the case, the labor board properly directed respondent to furnish to the complaining union the data demanded concerning individual wage rates, wage ranges, and individual job classifications of the employees in the labor union unit involved in the controversy. The decision of the board was in consonance with the opinion of this court in National Labor Relations Board v. J. H. Allison & Co., 6 Cir., 165 F.2d 766, 3 A.L.R.2d 990, certiorari denied 335 U.S. 814, 69 S.Ct. 31, 93 L.Ed. 369. It is also consistent with our action in National Labor Relations Board v. Dixie Manufacturing Company, 6 Cir., 180 F.2d 173. So, also,

in our opinion the board's actions conforms to the decisions rendered in several other circuits. See, especially, National Labor Relations Board v. Leland-Gifford Co., 1 Cir., 200 F.2d 620, 621. See also National Labor Relations Board v. Yawman & Erbe Mfg. Co., 2 Cir., 187 F. 2d 947; Aluminum Ore Co. v. National Labor Relations Board, 7 Cir., 131 F.2d 485, 487, 147 A.L.R. 1.

The petition of the National Labor Relations Board for enforcement of its order is granted, as prayed therein.