**NATIONAL LABOR RELATIONS BOARD**

v.

**NEW BRITAIN MACHINE CO.**

No. 152, Docket 22845.

United States Court of Appeals
Second Circuit.

Argued Jan. 13, 1954.

Decided Feb. 4, 1954.

George J. Bott, David P. Findling, A. Norman Somers, Samuel M. Singer, Washington, D. C., and Dean E. Denlinger, Dayton, Ohio, for petitioner.

Walfrid G. Lundborg, Shipman & Goodwin, Hartford, Conn., for respondent.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

The Board's Decision and Order, reported in 105 N.L.R.B. No. 90, sufficiently state the facts. The dispute arose during negotiations for renewal of an expiring bargaining agreement. The company, which had an incentive system, had theretofore furnished the union with specific wage rates pertinent to any specific grievance. The union, in its request for negotiations, advised the company that it now wanted "all wage data." In the ensuing negotiations, the union said it desired information as to (1) the name, classification, seniority, and specific wage rate of each employee in the bargaining unit; (2) information concerning the operation of the incentive system; and (3) notification of any change in the status of an employee. The company refused to accede to this request, saying it

would supply only the same sort of data that it had previously supplied. Because of this refusal, the union, on August 8, 1952, filed with the Board a charge of violation. On August 14, the company and the union executed a contract as to changes in the old agreement. This new contract stated that the company would give the union merely the limited information; that the company recognized that the union had filed charges concerning wage data; that the contract was "signed with knowledge that the union intends to press these charges"; and that this contract constituted a full settlement of all issues "except as provided herein."

■■ The Board correctly ruled that, by refusing to give the requested data, the company violated § 8(a) (5) and (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 5). See e. g., National Labor Relations Board v. Yawman & Erbe, 2 Cir., 187 F.2d 947; National Labor Relations Board v. Jacobs Manufacturing Co., 2 Cir., 196 F.2d 680; National Labor Relations Board v. Otis Elevator Co., 2 Cir., 208 F.2d 176. The union did not waive its rights to obtain this wage data by offering to negotiate the matter. Nor did the August 14 agreement, with its explicit reservation of this issue, constitute a waiver.

■ The evidence amply supports the Board's finding (1) that the company understood that any agreement by the union negotiators was to be subject to approval by the union membership, and (2) that if the union negotiators said they would accept the company's proposal to supply limited wage data, that proposal was rejected the next day by the union membership. Such a restriction on the authority of negotiators is valid,[1] unless the evidence shows, as it does not here, that the bargaining was in bad faith.[2] In the light of the facts, we see nothing in the company's contention that

it was denied a fair hearing because the Board did not give it full opportunity to prove that the union negotiators had assented to the company's proposal.

Enforcement granted.

---

1. Great Southern Trucking Co. v. National Labor Relations Board, 4 Cir., 127 F.2d 180, 185; The Todd Co., Inc., 71 N.L. R.B. 192, 207; Capital Transit Co., 106 N.L.R.B. No. 29.

2. National Labor Relations Board v. Acme Air Appliance Co., Inc., 2 Cir., 117 F.2d 417.