**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WHITIN MACHINE WORKS, Respondent.**

**No. 6883.**

United States Court of Appeals, Fourth Circuit.

Nov. 18, 1954.

Decided Dec. 8, 1954.

Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Assoc. Gen. Counsel, and James A. Ryan, Atty., N.L.R.B., Washington, D. C., on brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (Pierce & Blakeney, Charlotte, N. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board to enforce an order directing the Whitin Machine Works to furnish the bargaining union represent-

ing its employees the individual wage rates of these employees. It appears that, in the course of negotiations with respondent, the union representing its employees asked this information and that respondent refused to furnish it, although it did furnish a list containing the names of all employees, their individual job categories and the dates on which they were hired. It also furnished a list of the hourly wage rates paid at the plant, not showing, however, the individual wage rates of the individual employees, and a schedule of the existing rate ranges paid at the plant together with the number of employees within each rate range. The Board held that, notwithstanding the information furnished, it constituted a violation of section 8(a) (5) of the Act, 29 U.S.C.A. § 158(a) (5) not to furnish the information requested. The Board said:

"An examination of the wage information furnished by the respondent shows that from such information the union could not possibly determine what each individual employee it represented was earning.

"We are convinced that the authority conferred by section 9(a) of the Act upon a union representing a majority of the employees in an appropriate unit entitles the union to all wage information essential to the intelligent representation of the employees and that when such information is reasonably available only from the employer's records, it is the employer's duty, on request, to accommodate the union. The courts have consistently agreed with this construction of the statute. In the instant case no showing has been made that compliance with the union's request would have placed an unwarranted and undue burden on the employer.

"Refusal by an employer to supply such necessary information makes impossible the full development of the collective bargaining negotiations which the statute is intended to achieve. It therefore constitutes a violation of section 8(a) (5) of the Act. This doctrine extends to a union's right to request and to receive from the employer the names of the employees in the appropriate unit together with their individual wage rates. Contrary to the suggestion of our dissenting colleague, the union in this case sought the names of individuals coupled with their wage rates not only to achieve a general wage increase but for the purposes of collective bargaining generally. In this respect, we agree with the statement of our concurring colleague, that in these cases it is sufficient that the information sought by the union is related to the issues involved in collective bargaining, and that no specific need as to a particular issue must be shown."

It is well settled that it is an unfair labor practice within the meaning of section 8(a) (5) of the Act for an employer to refuse to furnish a bargaining union a list of the employees represented by it together with the wages paid them, as such information is necessary to the proper discharge of the duties of the bargaining agent. Aluminum Ore Co. v. N. L. R. B., 7 Cir., 131 F.2d 485, 487, 147 A.L.R. 1; N. L. R. B. v. Yawman & Erbe Mfg. Co., 2 Cir., 187 F.2d 947, 948, 949; N. L. R. B. v. Leland-Gifford Company, 1 Cir., 200 F.2d 620, 624; N. L. R. B. v. Hekman Furniture Co., 6 Cir., 207 F.2d 561, 562; N. L. R. B. v. New Britain Machine Co., 2 Cir., 210 F.2d 61, 62. It is argued that the information furnished here was sufficient for dealing with the existing controversy between the parties as to a wage increase; but we agree with the Board that the union, as bargaining agent of the employees, was entitled to information which would enable it to properly and understandingly perform its duties as such in the general course of bargaining and that such information should not necessarily be limited to that which would be pertinent to a particular existing controversy. At all events, this was a matter which Congress has committed to the jurisdiction

of the Board. We may set aside the Board's action in such a matter only if it has acted without substantial evidence or has abused its discretion in the premises, which is manifestly not the case here.

The order of the Board will be enforced.

Order Enforced.