**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The ITEM COMPANY, Respondent.**

**No. 15270.**

United States Court of Appeals, Fifth Circuit.

April 6, 1955.

Rehearing Denied May 17, 1955.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

RIVES, Circuit Judge.

The Board petitions for enforcement of its order issued against respondent [1] on June 30, 1954, requiring it to furnish the Union [2] upon request with the wages of each employee in the bargaining unit and the amount of any merit increase received by individually named employees during the preceding year. The Board's decision and order are reported at 108 N. L. R. B. 227.

The material facts are mainly undisputed, and concern a controversy which arose during the course of bargaining negotiations from August 27, 1952 to February 16, 1953 for renewal of a bargaining agreement which expired October 18, 1952. On August 19, 1952, the Union wrote respondent proposing a new contract which contained a clause reserving to the Union the right to bargain concerning individual merit increases and required respondent to inform the Union of all such merit increases granted. At the first bargaining conference on August 27, the Union requested from respondent wage information as to the name of each employee and his present salary, his length of service and accredited experience, the anniversary date of his employment, and the date and amount of any merit increases granted him within the preceding year. Though furnishing the Union with some of the wage information requested, respondent refused to furnish the salary of each individual employee, as well as the amount of merit increase, if any, received by such employee during the preceding year. During subsequent bargaining negotiations, the Union insisted that it was entitled to all the wage information requested, and that it intended to prosecute an 8(a) (5), 29 U.S.C.A. § 158(a) (5), refusal to bargain charge which it had filed with the Board because of respondent's refusal to furnish all of the infor-

Morris A. Solomon, Trial Atty., N. L. R. B., David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Frederick U. Reel, Attorney, N. L. R. B., Washington, D. C., for petitioner.

Robert E. Leake, Jr., Eberhard P. Deutsch, Deutsch, Kerrigan & Stiles, New Orleans, La., for respondent.

1. Respondent company publishes a large New Orleans newspaper.

2. The Union here involved is Local 170 of the New Orleans Newspaper Guild, American Newspaper Guild (CIO).

mation sought. On February 16, 1953, respondent and the Union executed a new contract, which apparently gave no right to the Union to bargain concerning individual merit increases, and contained no provision requiring respondent to furnish the Union with the wage data previously requested. Irrespective of the new contract, however, the Union still insisted that it was entitled to the information which respondent had refused to furnish, particularly in view of a provision of the new contract permitting it to be reopened on or after October 10, 1953 for the revision of certain benefits.

Respondent's first insistence is that the good faith bargaining requirement of Section 8(a) (5) does not require it to disclose information, such as that here sought, which is not "legally relevant to any bargaining issue under the present or any previous contract." In the Second Circuit's per curiam decision in N. L. R. B. v. Yawman & Erbe Mfg. Co., 187 F.2d 947, 949, it was held:

"Since the employer has an affirmative statutory duty to supply relevant wage data, his refusal to do so is not justified by the Union's failure initially to show the relevance of the requested information. The rule governing disclosure of data of this kind is not unlike that prevailing in discovery procedures under modern codes. There the information must be disclosed unless it plainly appears irrelevant. Any less lenient rule in labor disputes would greatly hamper the bargaining process, for it is virtually impossible to tell in advance whether the requested data will be relevant except in those infrequent instances in which the inquiry is patently outside the bargaining issue."

This same "broad rule" was adopted by Chairman Guy Farmer for the Labor Board in the recent case of N. L. R. B. v. Whitin Machine Works, 108 N.L.R.B. No. 223, affirmed per curiam, 4 Cir., 217 F.2d 593, wherein he observed:

"* * * this broad rule is necessary to avoid the disruptive effect of the endless bickering and jockeying which has theretofore been characteristic of union demands and employer reaction to requests by unions for wage and related information. The unusually large number of cases coming before the Board involving this issue demonstrates the disturbing effect upon collective bargaining of the disagreements which arise as to whether particular wage information sought by the bargaining agent is sufficiently relevant to particular bargaining issues. I conceive the proper rule to be that wage and related information pertaining to employees in the bargaining unit should, upon request, be made available to the bargaining agent without regard to its immediate relationship to the negotiation or administration of the collective bargaining agreement."

We agree with the Fourth Circuit in the Whitin case, supra, that wage data appropriate for disclosure to a statutory bargaining representative in such instances "should not necessarily be limited to that which would be pertinent to a particular existing controversy", 217 F.2d 594, but includes all information, such as that here sought, which appears reasonably necessary for "the 'policing of the administration of any contract' ". N. L. R. B. v. Leland-Gifford Co., 1 Cir., 200 F.2d 620, 624.

Respondent next insists that the Union has heretofore waived its right to bargain or insist upon disclosure of information as to the only possible relevant issue of merit increases, through having committed, contractually and otherwise, the prerogative of granting such merit increases solely to respondent's managerial discretion. We think sound reasons exist for rejecting this contention. First, there exists no substantial evidence of the requisite "clear and unmistakable" waiver of the statutory right to such information by the

bargaining agent here,[3] it appearing without substantial dispute that in the bargaining conferences which led to the signing of the new contract the Union clearly evidenced its intention not to abandon or waive its right to the information sought, but to seek redress from the Board for respondent's refusal to divulge it. Second, assuming arguendo that the new contract authorized respondent to bypass the Union in granting individual employee merit increases, such a construction of its terms would not ipso facto establish a waiver of the Union's right to obtain information as to the merit increases thus unilaterally granted. The right to grant merit increases without the consent of a statutory bargaining agent obviously should not imply the right to withhold information thereon, since such a rule might foster discrimination against union adherents in the granting of merit increases, and thereby promote that industrial strife and unrest which the Act seeks to avoid.

■■ Finally, respondent insists that it should not be required to furnish the Union with confidential employee wage data, which the Union's own employee-members apparently refuse to disclose to it. But, even discounting to some extent respondent's affirmative duty to disclose such wage information upon request to its certified bargaining agent, we think no showing has been made that the wage information here sought is otherwise just as conveniently and accurately available to the Union through its own membership, or that it would be unreasonable or burdensome to require respondent to furnish it. Cf. N. L. R. B. v. Whitin Machine Works, supra. In any event, with reference to respondent's claimed confidential privilege to refuse disclosure on behalf of the employees involved, Mr. Justice Frankfurter's recent observation for the Court in Brooks v. National Labor Relations Board, 348 U.S. 96, 103, 75 S.Ct. 176, 181, is appropriate for restatement here:

"The underlying purpose of this statute is industrial peace. To allow employers to rely on employees' rights in refusing to bargain with the formally designated union is not conducive to that end, it is inimical to it."

The order of the Board should be, and hereby is

Enforced.

3. See Tide Water Associated Oil Co., 85 N.L.R.B. 1096, 1098; California Portland Cement Co., 101 N.L.R.B. 1436, 1439.