263 F.2d 483
 105 U.S.App.D.C. 37
 INTERNATIONAL WOODWORKERS OF AMERICA, LOCAL UNIONS 6-7 and
6-122, AFL-CIO, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Pine Industrial
Relations Committee, Inc., et al., Intervenors.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PINE INDUSTRIAL RELATIONS COMMITTEE, INC., et al., Respondents.
 Nos. 14303, 14354.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 8, 1958.
Decided Jan. 29, 1959.
 
 Mr. David, E. Feller, Washington, D.C., with whom Messrs. Arthur J. Goldberg and Bernard Dunau, Washington, D.C., were on the brief, for petitioners in No. 14303.
 Miss Rosanna A. Blake, Atty., N.L.R.B., of the bar of the Court of Appeals of Kentucky, pro hac vice, by special leave of Court, with whom Messrs. Jerome D. Fenton, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Owsley Vose, Atty., N.L.R.B., were on the brief, for respondent in No. 14303 and petitioner in No. 14354.
 Mr. Raymond S. Smethurst, Washington, D.C., for Pine Industrial Relations Committee, Inc., and certain others, intervenors in No. 14303 and respondents in No. 14354.
 Mr. Howard P. Robinson, of the bar of the Supreme Court of Illinois, Chicago, Ill., pro hac vice, by special leave of Court, with whom Mr. Richard J. Flynn (of Sidley, Austin, Burgers & Smith), Chicago, Ill., was on the brief, for intervenor Brooks-Scanlon, Inc., in No. 14303.
 Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 The unions filed unfair labor practice charges, alleging that various employers had violated the Labor Act[1] by refusing to supply certain information and thereafter refusing to agree to changes in terms of employment. The information, which was requested by the unions for purposes of negotiating new labor contracts, falls into two separate and distinct categories: (1) relating to wages paid to its employees and (2) relating to production and sales of the company. The Board found that the employers had violated the Act by refusing to supply the information relating to wages, but dismissed the complaint insofar as it concerned the refusal to supply production and sales information. The unions seek review of the dismissal part of the order (No. 14303), and the Board asks for enforcement of that part of the order finding a violation (No. 14354).
 
 
 2
 The unions argue that relevancy to collective bargaining is the only factor that should be considered in determining whether an employer is required to supply requested information. A union, they contend, is entitled, by the good faith bargaining requirement of the Labor Act, to secure from the employer all information relevant to the negotiation of a contract.
 
 
 3
 The Board takes the position that a refusal to supply requested information must be examined in the light of all the circumstances to determine whether the refusal constitutes lack of good faith bargaining. It is the unions' position that refusal to supply relevant information is a per se violation of good faith bargaining; the Board concludes that such refusal is merely one factor to be considered in determining whether a violation has occurred.
 
 
 4
 All of the cases cited by the unions in support of their position deal with an employer's refusal to supply wage information[2] and it appears that a union's right to such information cannot be seriously challenged. This is the only conclusion we can draw from N.L.R.B. v. F. W. Woolworth Co., supra, where the Supreme Court summarily reversed (without benefit of argument and without opinion) the Ninth Circuit's refusal to enforce a Board order requiring production of wage information. Accordingly, we grant the Board's petition for enforcement in No. 14354.
 
 
 5
 But neither the same rule nor the same reasoning apply to production and sales information of the employer. The Supreme Court, in N.L.R.B. v. Truitt Mfg. Co.[3] (a production information case) said: 'Each case must turn upon its particular facts. The inquiry must always be whether or not under the circumstances of the particular case the statutory obligation to bargain in good faith has been met.'
 
 
 6
 The unions argue that any distinction between wage information on the one hand and production and sales information on the other is arbitrary and meaningless. According to the unions the data overlap. This is not necessarily so. Wages and hours are the heart and core of the employer-employee relationship, and information concerning existing and past wage rates and patterns is essential to the union to enable it to bargain intelligently. This is not necessarily so with respect to what the employer's records show about how much, or at what cost, or in what time he produces his goods, and how or at what cost or in what volume he sells those products. We do not say that information on production or sales would never in any circumstances be required, but only that it need not always be disclosed on request and that on the whole record we find rational basis for the Board's conclusion that the refusal to supply production and sales information did not violate the duty to bargain in good faith. We think this distinction has been recognized by the Supreme Court.[4]
 
 
 7
 One other point remains to be considered. After prolonged negotiations, during which the employers maintained their refusal to supply the information, the unions went on strike. A number of employees were discharged during the strike, and reinstatement was subsequently refused. The Board found that the strike was for economic reasons and was not an unfair labor practice strike. Accordingly, it held that the employers were justified in refusing reinstatement. On the record as a whole, we are unable to say this finding has no rational basis and it must therefore be affirmed.
 
 
 8
 Petition for review in 14303 dismissed.
 
 
 9
 Petition for enforcement in 14354 granted.
 
 
 
 [1]
 National Labor Relations Act, 8(a)(1, 5), 61 Stat. 136 (1947), 29 U.S.C.A. 158(a)(1, 5)
 
 
 [2]
 E.g., N.L.R.B. v. F.W. Woolworth Co., 352 U.S. 938, 77 S.Ct. 261, 1 L.Ed. 235, reversing 9 Cir., 1956, 235 F.2d 319; N.L.R.B. v. Whitin Mach. Works, 4 Cir., 1954, 217 F.2d 593, certiorari denied 1955, 349 U.S. 905, 75 S.Ct. 583, 99 L.Ed. 1242; Taylor Forge & Pipe Works v. N.L.R.B., 7 cIr., 1956, 234 F.2d 227; N.L.R.B. v. Yawman & Erbe Mfg. Co., 2 Cir., 1951, 187 F.2d 947; Boston Herald-Traveler Corp. v. N.L.R.B., 1 Cir., 1955, 223 F.2d 58
 
 
 [3]
 1956, 351 U.S. 149, 153-154, 76 S.Ct. 753, 756, 100 L.Ed. 1027
 
 
 [4]
 Compare N.L.R.B. v. Truitt Mfg. Co., supra, with N.L.R.B. v. F. W. Woolworth Co., supra