**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PERKINS MACHINE COMPANY, Respondent.**

**No. 6182.**

United States Court of Appeals First Circuit.

Jan. 23, 1964.

Peter M. Giesey, Washington, D. C., Atty., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Solomon I. Hirsh, Washington, D. C., Atty., were on brief, for petitioner.

John H. Goewey, Worcester, Mass., with whom James S. Gratton and Bowditch, Gowetz & Lane, Worcester, Mass., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

■ Respondent employer was found to have violated sections 8(a) (5)

and (1) of the National Labor Relations Act by refusing to furnish the union with certain wage information and data (allegedly relevant to a grievance and/or arbitration proceeding) during the term of a collective bargaining contract which, unlike respondent's previous agreement, had no express provision imposing such an obligation. Such an obligation, however, is normally implied as part of an employer's general duties under the act, cf. Boston Herald-Traveler Corp. v. N. L. R. B., 1 Cir., 1955, 223 F.2d 58, and an employer cannot refuse unless there has been a "clear and unmistakable" waiver by the union. Timken Roller Bearing Co. v. N. L. R. B., 6 Cir., 1963, 325 F.2d 746; N. L. R. B. v. Item Co., 5 Cir., 220 F.2d 956, 958-59, cert. den. 350 U.S. 836, 76 S.Ct. 73, 100 L.Ed. 746; Tide Water Associated Oil Co., 1949, 85 N.L.R.B. 1096, 1098. In finding that the omission of the previous affirmative clause from the present agreement following negotiations during which respondent said it would not grant such rights was not such a waiver, the Board erroneously referred to statements (in our opinion ambiguous, at best) made by the union after the agreement had been entered into, and hence entirely immaterial. Nevertheless, we cannot say the Board's decision was without substantial support. Where a provision would normally be implied in an agreement by operation of the act itself (but cf. Speidel Corp., 1958, 120 N.L.R.B. 733, when it is not), we think a waiver should be express, and that a mere inference, no matter how strong, should be insufficient. Cf. Timken Roller Bearing Co. v. N. L. R. B., supra. It is not necessary, to support the Board, for us to follow the case it now cites of N. L. R. B. v. Gulf Atlantic Warehouse Co., 5 Cir., 1961, 291 F.2d 475. We could not agree with the seeming suggestion in that opinion that the parol evidence rule required the waiver to be contained within the four corners of the written agreement. Cf. Rodriguez v. Secretary of the Treasury of Puerto

Rico, 1 Cir., 1960, 276 F.2d 344, 349. Nor has this been the Board's position. Speidel Corp., supra; Berkshire Corp., 1959, 123 N.L.R.B. 685.

A decree will be entered enforcing the order of the Board.