381 F.2d 265
 127 U.S.App.D.C. 97
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, General Motors
Corporation, Intervenor.
 No. 19156.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 21, 1966.
Decided March 3, 1967, Petition for Rehearing en Banc,
Denied April 4, 1967, Certiorari Denied Oct. 9,
1967, See 88 S.Ct. 82.
 
 Mr. John A. Fillion, Detroit, Mich., with whom Messrs. Stephen I. Schlossberg, Washington, D.C., Bernard F. Ashe, Detroit, Mich., Joseph L. Rauh, Jr., and John Silard, Washington, D.C., were on the brief, for petitioner.
 Mr. Allison W. Brown, Jr., Atty., N.L.R.B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, were on the brief, for respondent.
 Mr. Eugene L. Hartwig, Detroit, Mich., of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of court, with whom Messrs. K. Douglas Mann and George Cherpelis, Detroit, Mich., were on the brief, for intervenor.
 Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.
 EDGERTON, Senior Circuit Judge.
 
 
 1
 This case is here following our remand to the Board for clarification of its opinion which accompanied its order dismissing the union's complaint against the employer, General Motors. The union charged violation of 8(a)(5) and (1) of the National Labor Relations Act, 61 Stat. 136, as amended, 29 U.S.C. 158(a) (5) and (1).
 
 
 2
 New cars awaiting shipment at the company's Southgate, California, plant were parked in two successive steps. The first part of the parking operation was done by employees of the employer who were members of a unit with which the employer had a collective bargaining agreement. The second part of the operation was done by employees of a different concern which had a contract with the company. The agreement between the union and the employer provided that 'the methods, processes and means of manufacturing are solely and exclusively the responsibility of the Corporation.'
 
 
 3
 The Company has made a contract by which the entire parking operation is to be performed by employees of the concern which had been performing only the second part of it. In response to a question that we asked, the Board found on remand that the change in the company's method of shipping cars did not involve contracting out work formerly performed by the union. We think the evidence does not support this finding. Though the change of method 'achieved substantial efficiencies,' as the union concedes, the change was accomplished through a contracting out. It took away the jobs of six members of the union. Though these men got similar jobs elsewhere in the plant, the change had an adverse impact on the bargaining unit since it diminished by six the whole number of jobs performed by its members. This was not a mere 'de minimis' violation of the employer's duty to bargain with the union.
 
 
 4
 In District 50, United Mine Workers v. NLRB, 358 F.2d 234 (1966), the Fourth Circuit Court of Appeals sustained the Board's approval of contracting out, on the ground that 'the Board was entitled to conclude that there was no substantial adverse impact on the employees caused by the employer's subcontracting decisions.' 358 F.2d at 237. And in Puerto Rico Telephone Co. v. NLRB, 359 F.2d 983, 988 (1966), the First Circuit overruled part of a Board order against an employer because the court found no evidence 'that the bargaining unit or any employee in it' was 'adversely affected as a direct result' of the contracting out. But in those cases, unlike the present case, the contracting out did not reduce the whole number of jobs in the bargaining unit. We think this case is controlled by Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964), which affirmed 116 U.S.App.D.C. 198, 322 F.2d 411 (1963). The Supreme Court held that the 'contracting out,' which replaced employees in a bargaining unit with employees of an independent contractor, violated 8(a)(5) and 8(d) of the Act, which require employers to bargain with respect to 'wages, hours, and other terms and conditions of employment,' although the only purpose of the contracting out was to reduce costs.
 
 
 5
 The Board has said that a union will not be held to have waived a statutory right unless the waiver is 'clear and unmistakable.' E.g., California Portland Cement Co., 101 N.L.R.B. 1436, 1439 (1952); Heokman Furniture Co., 101 N.L.R.B. 631, 632 (1952); Tide Water Associated Oil Co., 85 N.L.R.B. 1096, 1098 (1949). See NLRB v. Item Co., 220 F.2d 956, 958-959 (5th Cir.), cert. denied, 350 U.S. 836, 76 S.Ct. 73, 100 L.Ed. 746 (1955). The agreement that 'the methods, processes and means of manufacturing are solely and exclusively the responsibility of the Corporation' is certainly not a 'clear and unmistakable' waiver of the union's right to bargain where a change in methods amounts in fact to contracting out. Cf. Fafnir Bearing Co., 151 N.L.R.B. 332 n.1, 337, 341 (1965). Neither is it 'clear and unmistakable' that 'the methods, processes and means of manufacturing' include parking manufactured cars.
 
 
 6
 We must therefore reverse the Board's order.
 
 
 7
 Reversed.