299 F.2d 636
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOCAL 810, STEEL, METALS, ALLOYS AND HARDWARE FABRICATORS
AND WAREHOUSEMEN, INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND
HELPERS OF AMERICA, Respondent.
 No. 123, Docket 27062.
 United States Court of Appeals Second Circuit.
 Argued Jan. 5, 1962.
Decided Jan. 12, 1962.
 
 Melvin J. Welles, Attorney, N.L.R.B., Washington, D.C. (Sturart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Solomon I. Hirsh, Attorney, N.L.R.B., Washington, D.C., on the brief), for petitioner.
 Herbert S. Thatcher, New York City (Henry Brickman, New York City, and David Previant, Milwaukee, Wis., Harry Weinstock, New York City, of counsel), for respondent.
 Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board petitions for enforcement of an order enjoining the respondent, Local 810, from continuing certain activities in violation of of Section 8(b)(4)(i) and (ii)(B) of the National Labor Relations Act, as amended, 29 U.S.C.A. 158.
 
 
 2
 Specifically, the Board found that Local 810 attempted to coerce Advance Trucking Corporation into refusing to deal with Fein Can Corporation, against whom the union was conducting a strike. In addition, it was found that agents of Local 810, through picketing, threats, and violence encouraged employees of Advance to cease performing work for that company in connection with its contract with Fein. We believe that these findings of fact are supported by substantial evidence, and should not be disturbed. N.L.R.B. v. Biscuit & Cracker Workers, 222 F.2d 573 (2nd Cir. 1955).
 
 
 3
 Respondent argues that nevertheless there was no violation of the Act because Advance was not a 'neutral' employer. It claims that activities of a related company, which we shall assume arguendo are imputed to Advance, in leasing automobiles and drivers to carry nonstriling employees between the manufacturing plant and a railroad station,[1] caused Advance to become an 'ally' of Fein and subject to lawful primary strike measures. However, in the instant case Advance did not undertake 'struck work,' Drivers and Chauffeurs Local Union 816, etc. v. N.L.R.B., 2nd Cir., No. 26375, July 5, 1961, 292 F.2d 329; N.L.R.B. v. Business Machine and Office Appliance Mechanics etc., 228 F.2d 553 (2nd Cir. 1955), cert. denied, 351 U.S. 962, 76 S.Ct. 1025, 100 L.Ed. 1483 (1956); Douds v. Metropolitan Federation of Architects, 75 F.Supp. 672 (S.D.N.Y. 1948), there was no overlapping of management functions between Fein and Advance, Truck Drivers and Helpers Local Union No. 728, etc. v. Empire State Express, Inc., 293 F.2d 414, (5th Cir. 1961), and there was no domination and control which would justify a refusal to recognize the separate status of each of them as in Local 24, International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. N.L.R.B., 105 U.S.App.D.C. 271, 266 F.2d 675 (1959). Under these circumstances we do not think that the 'ally' doctrine is applicable.
 
 
 4
 Respondent also contends that the Board's order is too broad because it requires the union to stop its unlawful conduct not only against Advance but any other secondary employer doing business with Fein as well. We believe that the Board, having found that the union engaged in secondary activity against Advance, could anticipate that the union might engage in similar conduct against other neutral employers and was entitled to prevent it. International Brotherhood of Electrical Workers, Local 501 v. N.L.R.B., 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299 (1951).
 
 
 5
 Enforcement granted.
 
 
 
 [1]
 The non-strikers were employed by Commercial Can Corporation, which is, along with Fein, part of the Can Divison of U.S. Hoffman Machinery Corporation, and therefore they are treated as a single employer. N.L.R.B. v. National Shoes, Inc., 2 Cir., 208 F.2d 688 (1953)