LOCAL 117 OF the AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA et al., Appellants,

v.

UNITED STATES of America, Appellee.

No. 4–1.

Temporary Emergency Court of Appeals.
Oct. 24, 1972.

Peter G. Angelos, Baltimore, Md., for appellants.

Edward A. Lenz, Washington, D. C. (Harlington Wood, Jr., Washington, D. C., George Beall, Baltimore, Md., William E. Nelson and Stanley D. Rose, Washington, D. C., on the brief), for appellee.

Before TAMM, Chief Judge, and HASTIE and ANDERSON, Circuit Judges.

HASTIE, Circuit Judge.

Invoking the jurisdiction of the District Court under sections 209 and 211 of the Economic Stabilization Act, as amended by Public Law 92–210 (December 22, 1971), the United States brought this suit against an employer, the local union that is the bargaining representative of a group of its employees and principal officers of the local. The complaint asked for an injunction against paying or receiving certain wage increases said to be in violation of the Act and regulations and orders lawfully implementing it. The court also was asked to impose civil penalties of $2,500 upon both the employer and the union. The court granted all of the requested relief and this appeal by the union and its officers followed.

Section 201.10 of the Economic Stabilization Regulations, 36 F.R. 21790, has specified 5.5 per cent as the "maximum permissible annual aggregate wage and salary increase" payable to members of an appropriate employee unit pursuant to an employment contract entered into on or after November 14, 1971. Section 201:11 authorizes larger increases "if a party at interest demonstrates to the Pay Board" specified exceptional circumstances. These regulations became effective at a time when the wage contract between the employer in this case and the appellant union had expired and negotiations for a new contract were in progress. Although the employer at first insisted that any wage and salary increase be no greater than 5.5 per cent maximum prescribed by section 201:10, union pressure, exerted through a strike, quickly resulted in a contract providing a much higher increase [1] and in the payment of this increase beginning and after November 22, 1971.

On January 12, 1972 the union asked the Pay Board to approve the increase that had been put into effect nearly two months earlier without prior approval. On February 24, 1972 this suit was filed. On March 28, 1972 the Pay Board recognized exceptional circumstances in this case to the extent of approving a 7 per cent increase, less than one half of the increase then being paid and received, and the parties promptly reduced the increase accordingly. We are advised that a union application for administrative reconsideration of the 7 per cent ruling has been filed and was pending when this appeal was argued. The order of the district court in this case was entered April 26, 1972.

The *ex post facto* request for Pay Board approval of the November 22, 1971, pay increase did not make that increase lawful. We find nothing impermissible in the duly imposed 5.5 per cent limitation on pay increases as tempered by an attendant provision that makes possible a larger increase in exceptional cases, if and after the Pay Board shall approve the higher amount. The November pay increase was a plain violation of section 201:10 at a time when the parties were aware of this regulation and the employer had proposed compliance with it. And this conclusion is not invalidated by the appellants' representation that in good faith error they thought it was permissible to demand and receive an increase in excess of 5.5 per cent, subject only to the risk that thereafter the Pay Board might roll it back.

Thus, so much of the district court's injunction as restrains the parties from

---

1. The record indicates that the pay increase agreed upon and put into effect was about 15 per cent.

paying, receiving, or soliciting the payment of,[2] wage increases that violate the Act or regulations or orders issued under the Act was warranted by the violation proved in this case. And the fact that the parties rolled back the illegal increase after the Pay Board formally disapproved it did not preclude the district court, in exercise of equitable discretion, from issuing an injunction designed to preclude repetition of the proven wrong. *Cf.* International Brotherhood of Electrical Workers v. N.L.R.B., 1951, 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299; N.L.R.B. v. Local 810, Steel etc. Fabricators and Warehousemen, 2d Cir. 1962, 299 F.2d 636; Cuneo for and on Behalf of N.L.R.B. v. Local No. 825, etc. Operating Engineers, 3d Cir. 1962, 300 F.2d 832.

Finally, we consider the propriety of the parts of the district court's order that imposed civil penalties of $2,500 upon the union and the employer. Section 208(b), as added to the Economic Stabilization Act by P.L. 92–210 (December 22, 1971) provided that "[w]hoever violates any order or regulation under this title shall be subject to a civil penalty of not more than $2,500 for each violation." This provision became law after November 22, 1971, the date upon which the parties unlawfully began paying and receiving an excessive wage increase. However, they continued this unlawful action until April, 1972, several months after the effective date of the civil penalty provision. Thus, they became liable to the imposition of the civil penalty.

 Whether the penalty should be $2,500 or some lesser amount lies within the discretion of the district court to be exercised in the light of all of the circumstances of the case at hand. Although the parties here promptly discontinued the unlawful increase after the

Pay Board ruled on their claim of exceptional circumstances, this mitigating circumstance does not make the imposition of the full statutory penalty reversible error. However, our affirmance of the judgment of the district court shall not preclude that court from reconsidering the amount of the penalties if, after remand, it shall be inclined to do so.

The judgment is affirmed.

---

2. The injunction does not preclude collective bargaining for increases in excess of 5.5 percent. It does preclude action to obtain payment of an agreed increase of more than 5.5 per cent without Pay Board approval. *Accord*, Reg. 201.17, 36 F.R. 25427.