Marvin MANDEL, Governor of Maryland, et al., Plaintiffs-Appellees,

v.

William E. SIMON, Administrator, Joseph A. La Sala, Regional Administrator, et al., Defendants-Appellants.

No. 4-4.

Temporary Emergency Court of Appeals.

Feb. 27, 1974.

---

Allen W. Hausman, Atty., Dept. of Justice, Washington, D. C., with whom Irving Jaffe, Acting Asst. Atty. Gen., William E. Nelson, and Stanley D. Rose, Attys., Dept of Justice, were on the brief for appellants.

Alan M. Wilner, Chief Legislative Office, State of Maryland, Baltimore, Md., for appellees.

Before TAMM, Chief Judge, and HASTIE and CHRISTENSEN, Judges.

PER CURIAM:

In this proceeding the court is called upon to review a mandate issued by a judge of the United States District Court for the District of Maryland directing Appellants to allocate immediately to the State of Maryland an additional 16,000,000 gallons of gasoline. Although the record presently before the court suggests a substantial question as to the standing of Appellees, plaintiffs below, to maintain this action, the court is of the view that it is in the best interests of all parties to decide the case upon the merits.

■ Our review of the present record convinces us that in implementing the petroleum allocation program to date, Appellants have been neither arbitrary nor capricious. The plan must necessarily be considered in light of the fact that the governing statute demanded immediate and extensive regulation of a new and complex area; the program is only in its first month of operation. There seems to be no dispute of the correctness of the testimony of John W. Weber, Asst. Administrator, as to the manner in which initial allocations were determined. We recognize that because of the sometimes inaccurate data available to Appellants, maladjustments in the allocation program have been inevitable; but some initial errors cannot, without more, destroy the rational basis upon which the system is premised. Western States Meat Packers Ass'n, Inc. v. Dunlop, 482 F.2d 1401, 1406 (Em.App. 1973).

■ The record indicates that Appellants are in good faith attempting to correct these inequities as promptly as they are discovered. The Federal Energy Office must have great flexibility during the formative period of regulation. Judicial interference at this time may delay rather than advance effective regulation of this area. See, e. g., Wisconsin v. Federal Power Commission, 373 U.S. 294, 313–314, 83 S.Ct. 1266, 10 L.Ed.2d 357 (1963).

In Pacific Coast Meat Jobbers Ass'n, Inc. v. Cost of Living Council, 481 F.2d 1388 (Em.App.1973), this court upheld the legality of a Cost of Living Council decision which, as here, "[was] reached on the basis of extrapolations from the best data available to the [Council]." 481 F.2d at 1390.

As we said in *Pacific Coast Meat Jobbers, supra:*

[I]t is not necessary that we decide that the C.L.C.s action was:

. . . the only reasonable [method], or even that this Court would have reached the same result if the question had arisen in the first instance in judicial proceedings . . . .

In a case such as this the "judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body."

481 F.2d at 1391 (citations omitted).

The judgment of the District Court is Reversed.