Ralph NADER and Carl E. Nash,
Plaintiffs,

v.

John C. SAWHILL, Administrator, Federal Energy Administration,
Defendant.

Civ. A. No. 74–1025.

United States District Court,
District of Columbia.

Dec. 12, 1974.

Alan B. Morrison, Alfred L. Singer, Washington, D. C., for plaintiffs.

C. Max Vassanelli, Department of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

This is an action for declaratory and injunctive relief. On December 19, 1973, the Cost of Living Council, without hearing, amended its regulations to permit the average ceiling price of "old" oil to increase immediately from $4.25 a barrel to $5.25 a barrel. 38 Fed.Reg. 34985–86 (Dec. 21, 1973. Nader and Nash, consumers, and intervenor Lefrak Organization, Inc., another consumer, challenge this action as arbitrary and unsupportable on the merits as well as procedurally defective. All material facts are before the Court on cross-motions for summary judgment and the Court, after due consideration of the full briefs and extensive affidavits filed, grants summary judgment for defendants.

Although the Economic Stabilization Act of 1970, as amended (12 U.S.

C.A. § 1904 note, 87 Stat. 27), expired April 30, 1974, the Court has jurisdiction over this action filed in July, 1974, against the then-Administrator of the Federal Energy Administration, successor to the Cost of Living Council, by reason of Section 218 of the Act which authorizes expiration but preserves any action or proceeding based upon any act committed prior to May 1, 1974.

■ There is clearly a rational basis for the conclusions conscientiously and deliberately arrived at and it is of no consequence that others could have reached a different decision or decided to follow a different approach based on a different economic analysis. Given the complex worldwide pressures affecting domestic oil pricing and movements of supply, there could not have been but one undisputable solution. There is no requirement in the non-adversary context of this type of regulation that the judgments reached be based solely on documents such as those plaintiffs have obtained and so unduly emphasize. The knowledge of past regulatory efforts and their purpose and effect and shifts in supplies affecting the price structure were all properly weighed and the standards governing the action under 203(a) of the Economic Stabilization Act were given proper consideration. No purpose is served in repeating the detailed and wholly adequate showing made in the thorough affidavit of Director John T. Dunlop dated August 24, 1974, explaining the basis for the action taken. *See* Pacific Coast Meat Jobbers Ass'n v. Cost of Living Council, 481 F.2d 1388 (Em.App.1973) ; Gulf Oil Corp. v. Simon, 373 F.Supp. 1102 (D.D.C.1974), affirmed per curiam, 502 F.2d 1154 (Em. App.1974) ; Mandel v. Simon, 493 F.2d 1239 (Em.App.1974).

A more difficult issue would be raised by the procedural attack on the price increase which was accomplished without hearing were it not for the now-settled interpretation of the pertinent statutory provisions, *i. e.*, 207(c) of the Economic Stabilization Act and 5 U.S.C. § 553.

■ While the challenged price increase had a large and significant impact upon the national economy, the director and his general counsel considered the possibility of hearings and for various reasons determined that there was an immediate need for action to provide production incentives for domestic producers in view of the Arab oil embargo and that advance notice of a price increase would affect sales and deliveries adversely during an increasingly difficult period of supply. Affidavits of William N. Walker (November 6, 1974) and Director Dunlop (December 4, 1974). Under the decisions of the Temporary Emergency Court of Appeals which this Court is bound to follow, this is sufficient to meet the requirements of Section 207(c) and 5 U.S.C. § 553. An emergency matter was presented which required immediate action and hearings were not possible. *Pacific Coast Meat Jobbers Ass'n, supra,* 481 F.2d at 1391; United States v. Great Atlantic & Pacific Tea Co., 342 F.Supp. 272 (D.Md. 1972), aff'd sub nom., Local 117 Amalgamated Meat Cutters v. United States, 468 F.2d 946 (Em.App.1972) ; DeRieux v. Five Smiths, Inc., 499 F.2d 1321 (Em.App.1974), cert. denied, sub nom., The Five Smiths, Inc. v. Holloway, 419 U.S. 896, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974) ; Reeves v. Simon, 507 F.2d 455 (Em.App.1974).

Summary judgment is granted for defendant and denied for plaintiffs and intervenor. The complaint is dismissed.

So ordered.