**CONSUMERS UNION OF the UNITED STATES, INC., Plaintiff,**

v.

**John C. SAWHILL, Administrator of the Federal Energy Administration, Defendant.**

Civ. A. No. 74–1413.

United States District Court, District of Columbia.

March 27, 1975.

Peter H. Schuck, Alan Mark Silbergeld, Washington, D. C., for plaintiff.

Patricia N. Blair, Dept. of Justice, Economic Stabilization Section, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

By this action Plaintiff seeks a declaratory judgment that the Federal Energy Administration's (hereinafter FEA) interim price regulation for unleaded gasoline (hereinafter the May 29 regulation) [1] which was in effect from June 1, 1974, until July 9, 1974, violated the Administrative Procedure Act (Hereinafter APA) because it was instituted without notice and opportunity for public comment, and in an arbitrary and capricious manner. Plaintiff, in addition, seeks restitutionary relief on the theory that the May 29 regulation was excessive as evidenced by its subsequent reduction and that consumers of unleaded gasoline are entitled to recover any excesses paid while the price regulation was in effect. The case is currently before the Court on Cross Motions for Summary Judgment. For reasons explained hereinafter, the Court holds that Plaintiff is entitled to Summary Judgment on the question of the validity of the May 29 regulation based upon its procedural irregularities, but that restitutionary relief is not justified. Therefore, as to the relief requested, Plaintiff's Motion for Summary Judgment is denied and the Defendant's Motion is granted.

A brief history of the events leading up to the May regulation for unleaded gasoline is helpful to a complete understanding of this decision. On January 10, 1973, the Environmental Protection Agency (EPA) promulgated a regulation requiring the general availability of unleaded gasoline by July 1, 1974.[2] After this decision on unleaded gasoline was made but before the effective date arrived, the Emergency Petroleum Allocation Act of 1973 [3] became law and on January 15, 1974, FEA issued final Petroleum Allocation and Price Regulations which, among other things, set ceiling prices for gasoline.[4]

On May 29, 1974, FEA, without prior notice to the public and without opportunity for public comment, amended these January 15 Petroleum Allocation and Price Regulations by adding a new section, 10 C.F.R. § 212.112. This regulation, effective three days later on June 1, 1974, set an interim price for unleaded gasoline for refiners who had not sold unleaded gasoline prior to May 15, 1973.[5] FEA issued the May 29 regulation without rule making proceedings relying upon 5 U.S.C. § 553(b)(3)(B) which excuses an agency from adherence to the formalities of rule making, "When the agency for good cause finds . . . notice and public procedure thereon impracticable, unnecessary, or contrary to the public interest". Simultaneous with the publishing of the May 29 regulation, FEA stated that the regulation was temporary and invited com-

I. 10 C.F.R. § 212.112. This regulation permitted refiners who did not sell unleaded gasoline on May 15, 1973, to sell unleaded gasoline at the same price as premium grade leaded gasoline.

2. 38 Fed.Reg. 1253.

3. Pub.Law 93–159.

4. 39 Fed.Reg. 1925–1961.

5. As explained by FEA, only those refiners who had not produced unleaded gasoline on May 15, 1973, were in need of price guidance. Conklin Affidavit ¶ 20.

ments on what the final price for unleaded gasoline should be. On July 8, 1974, FEA amended the pricing rule for unleaded gasoline to a price lower than the May 29 regulation.[6]

■ Plaintiff charges FEA with fatal procedural irregularities in issuing the May 29 regulation for, *inter alia*, failing to follow the rule making procedures of the APA. Plaintiff argues that EPA's regulations requiring the availability of unleaded gasoline by July 1, 1974, had been in effect for over sixteen months, that that time frame presented ample opportunity for notice and public comment, and that any emergency which existed necessitating immediate promulgation of a price for unleaded gasoline was created by the agency itself. Such conditions, Plaintiff contends, do not rise to the level of "good cause" which excuses an agency from the formalities of rule making procedure. Although the Government argues forcefully that the emergency conditions regarding availability of gasoline which required FEA to postpone consideration of this question until April, 1974, have been upheld as sufficient "good cause" in other cases,[7] the Court is of the opinion that the emergency gasoline shortage in addition to the other reasons FEA set forth[8] do not together rise to the level of "good cause" as interpreted in the cases cited. The Court draws this conclusion particularly in light of the fact that at the time the May 29 regulation was effectuated, there was ample opportunity to solicit public comments prior to the July 1, 1974, deadline. As Plaintiff set forth in its Motion for Summary Judgment, even if FEA determined that the 30 day time frame for rule making was too long, a shortened time period could have been specified.

■ Although the Court finds that Plaintiff is entitled to a declaratory judgment that the May 29 regulation was issued in violation of the procedural requirements of the APA and is thus invalid, the Court does not find Plaintiff's argument for restitutionary relief persuasive. Restitution is an equitable remedy which should only be invoked where justified by the equities of the case. The Court fails to find such justification for two reasons.

■ First, it is undisputed that prior to the implementation of the May 29 regulation many refiners were offering unleaded gasoline often at an excessive price unrelated to costs.[9] And, it is also clear that the price ceiling specified in the May 29 regulation was lower than those prices which existed at that time.[10] On the basis of this fact, the Court concludes that in the month of June, 1974, the consumers of unleaded gasoline paid a price for that gasoline which was at least lower than the previously offered price, although not as low as the ultimately determined price. If FEA had utilized the rule making process and solicited public comments for a period of 30 days or less, at the time it decided to institute this May 29 interim price regulation, consumers of unleaded gasoline would most likely have suffered an even

---

6. 39 Fed.Reg. 24923. The regulation authorized refiners of unleaded gasoline (who had not sold unleaded gasoline on May 15, 1973) to charge a price not in excess of one cent above leaded gasoline of the same or nearest octane.

7. Mandel v. Simon, 493 F.2d 1239 (Em.App. 1974); DeRieux v. Five Smiths, Inc., 499 F.2d 1321 at 1332 (Em.App.1974); Nader v. Sawhill, Civ.No. 74–1024 (D.D.C. December 12, 1974); Reeves v. Simon, No. 9–18 (T.E. C.A. November 27, 1974).

8. FEA at oral argument stressed the fact that the May 29 regulation was significantly related to FEA's concern for preserving the competitive position of small and independent refiners. Conklin Affidavit ¶ 23. FEA failed, however, to convince the Court how a 30 day period (or shorter) for public comment would so irreparably injure these refiners, who had known of the prospect of unleaded gasoline for sixteen months.

9. Conklin Affidavit ¶ 20. FEA relief upon this fact as partial justification for the decision to immediately promulgate the May 29 regulation.

10. Defendant's Cross Motion for Summary Judgment, p. 12.

greater economic loss then that which Plaintiff alleges actually occurred.

Secondly, the Court finds that it is uncontroverted on the record that FEA incorporated some restitutionary measures in the price it ultimately chose, with a realization that the May 29 regulation had been excessive.[11] Although Plaintiff contests the validity of this post-decision rationalization, there is nothing in the record before the Court to the contrary. As evidence of its restitutionary intent, FEA accepted the lowest suggested price. Plaintiff's contention that this was not done because its suggested price was the lowest appears to be only a matter of semantics and not of substance. Thus, Plaintiff is not entitled to restitution as requested and FEA is entitled to summary judgment on the question of relief.

11. Conklin Affidavit ¶ 25.