**AIR TRANSPORT ASSOCIATION OF AMERICA, Plaintiff-Appellant,**

**National Air Carrier Association, Inc., Intervenor-Appellant,**

v.

**FEDERAL ENERGY OFFICE et al., Defendants-Appellees. No. DC–29.**

**TRANS WORLD AIRLINES, INC., Plaintiff-Appellant,**

v.

**FEDERAL ENERGY OFFICE et al., Defendants-Appellees.**

**Nos. DC–27, DC–28.**

Temporary Emergency Court of Appeals.

July 28, 1975.

Bert W. Rein of Kirkland, Ellis & Rowe, with James E. Landry, Gen. Counsel, Washington, D.C., for appellant Air Transport Ass'n of America, and Charles C. Abeles of Lichtman, Abeles, Anker & Nagle, P. C., Washington, D.C., for intervenor-appellant National Air Carrier Association, Inc., having filed a joint brief.

Edward C. McLean, Jr., New York City, for appellant Trans World Airlines, Inc.

Winston E. Miller, Atty., Dept. of Justice, with whom Carla A. Hills, Asst. Atty. Gen. and Stanley D. Rose, Atty., Dept. of Justice, were on the brief, for appellees.

Before TAMM, Chief Judge, VAN OOSTERHOUT and HASTINGS, Judges.

PER CURIAM.

The appellants in these cases, which were consolidated upon appeal, raise the issue of the validity of the regulations adopted by the Federal Energy Administration (FEA) as they relate to charges suppliers are permitted to make for aviation fuel. Numbers DC–27 and 28 were brought by Air Transport Association of America (ATA), an unincorporated association of twenty-six scheduled air carriers. National Air Carriers Association (NACA), representing five supplemental air carriers performing charter services, was permitted to intervene. ATA and NACA challenge as unlawful, arbitrary and capricious certain price control regulations of the FEA (published at 10 C.F.R. Parts 210 and 212, January 15, 1974.) [1]

The "special product" and "other than special product" classification, and the

---

1. The complaint names as a defendant the Federal Energy Office (FEO). On June 25, 1974, however, the President, acting under authority of the Federal Energy Administration Act of 1974 (P.L. 93–275), abolished FEO and transferred all authority exercised by FEO to the newly established Federal Energy Administration (FEA). Executive Order No. 11790 (June 25, 1974). The President has continued in effect all FEO regulations, interpretations and orders until modified, amended or revoked by FEA. *Id.* at § 5(c). Section 8(c) of the Federal Energy Act provides that the Act "shall not affect suits commenced prior to the date th[e] Act takes effect" and that "in all such suits proceedings shall be had, appeals taken, and judgments rendered, in the same manner and effect as if this Act had not been enacted." This action, therefore, is not affected by the transition of FEO to FEA.

cost carryover provision described as "banking rules", as they are applied to aviation fuel by the regulations, are the primary object of the attack. Injunctive and declaratory relief was sought.

The case was submitted to Judge Jones on cross-motions for summary judgment. The court by order entered September 25, 1974, denied plaintiff's and intervenor's motion for summary judgment and sustained defendant's motion for summary judgment. Judge Jones' thorough and well-reasoned memorandum supporting his determination is reported at 382 F.Supp. 437 (D.D.C.1974).

Trans World Airlines, Inc. (TWA) brought an action against FEA attacking the same regulations involved in the ATA suit upon substantially the same basis asserted by ATA. In addition, TWA urges that Congress mandated equitable prices for aviation fuel for members of the same class of purchasers and that defendants have established an inequitable price system under which TWA has been required to pay substantially higher prices and bear a disproportionate share of the suppliers' increased products cost than competing carriers with more advantageous contracts which fix a maximum price that may be charged for aviation fuel. TWA's application for preliminary injunction was heard by Judge Corcoran and was denied by order filed July 29, 1974, for reasons set out in a soundly reasoned opinion reported at 380 F.Supp. 560 (D.D.C.1974).

Subsequent to the filing of Judge Jones' opinion in the ATA case, TWA in the interest of expediting appellate review stipulated with defendants that summary judgment could be entered against it based on Judge Corcoran's decision denying the preliminary injunction and Judge Jones' decision in the ATA case. Order was entered granting defendants' motion for summary judgment. It was agreed that TWA's appellate rights would be preserved and that the record on TWA's appeal would consist of the record made in both the TWA and the ATA cases.

Many lengthy affidavits were filed by the parties in support of their position. In response to inquiry from the bench during oral argument, the parties agreed that no disputed issue of material fact exists. No one has challenged the propriety of disposing of these cases by summary judgment.

 The critical issue in these cases is whether the plaintiffs have established that the regulations attacked as they relate to aviation fuel are arbitrary and capricious and lack a rational basis. This court has repeatedly recognized the strong presumption in favor of administrative decisions by agencies charged with the administration of a new federal statute. Reeves v. Simon, 507 F.2d 455, 460 (Em.App.1974); Mandel v. Simon, 493 F.2d 1239, 1240 (Em.App.1974); University of Southern California v. Cost of Living Council, 472 F.2d 1065, 1068–69 (Em.App.1972).

Judge Jones in his reported opinion in ATA, supra, sets out the pertinent provisions of the Emergency Petroleum Act of 1973, effective November 27, 1973, 15 U.S.C. § 751 et seq., the relevant executive orders, and the steps leading to placing authority in FEA to administer the Act. The validity of the statute and the delegation of its implementation to FEA is not here challenged. While ATA did not raise the TWA issue that the statute requires equitable price treatment for all members of the same class, such issue was considered by Judge Jones who agreed with the view expressed by Judge Corcoran in TWA. See Air Transport Ass'n of America v. Federal Energy Office, 382 F.2d 437, 447 (D.D.C. 1974).

 These cases were submitted to us on February 12, 1975. On February 18, 1975, a division of this court, with Chief Judge Tamm dissenting, reversed the decision of the district court in Consumers Union of United States, Inc., v. Sawhill, 512 F.2d 1112 (Em.App.1975). Shortly thereafter a rehearing en banc was granted and held. Judge Jones had

relied at least in part on the district court's opinion in *Consumers Union*. We elected to withhold our decision in the cases now before us until *Consumers Union* had been resolved by the court *en banc*. Such resolution has now been made. *Consumers Union of United States, Inc. v. Sawhill*, 525 F.2d 1068 (Em.App.1975). The majority opinion authored by Chief Judge Tamm vacates the division's judgment and affirms the trial court's decision. The pertinent statutes, including their legislative history, the Executive Orders and the regulations promulgated, are thoroughly explored and considered in our *en banc* opinion. We hold that the President pursuant to the statute had properly delegated his authority over the subject matter to the FEA and that FEA was acting within its authorization in promulgating the new and released oil regulations under attack.

We also hold, as had Judge Jones in the cases before us, that 15 U.S.C. § 753(b)(1)(F) dealing with equitable distribution of crude oil at equitable prices was only one of nine separate objectives which Congress directed that the regulations should provide, and that the balancing of all objectives is required "to effectuate maximum achievement of their competing interests."

Our *en banc* opinion in *Consumers Union* speaks for itself and fully supports Judge Jones' reliance upon the district court's opinion in that case. With respect to other issues raised by this appeal, no useful purpose will be served by an attempt on our part to re-cover the ground so well covered by Judge Jones in his reported opinion. The trial court's findings in each of the cases before us that appellants have failed to meet the burden resting upon them to establish that the pertinent regulations under attack are arbitrary, capricious or irrational are fully supported by the record. We are also satisfied that the trial court's decision in each of the cases was not induced by any erroneous view of the applicable law.

The judgments appealed from are affirmed.